*E-FILED - 7/23/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF, | No. C 08-2971 RMW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| STEPHEN MAYBERG, | |
| Respondent. | |

Petitioner, a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 16, 2008. The petition challenges the constitutionality of his confinement pursuant to a civil commitment petition filed in state court in 2004. For the reasons set forth below, the court orders respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the allegations in the petition, on October 20, 2004, the District Attorney of the County of Santa Clara filed a civil commitment petition to civilly commit petitioner for two years pursuant to the SVPA. A trial was held on the 2004 commitment petition and the court found the petition to be true. The California Court of Appeal affirmed the trial court's commitment decision, and on May 17, 2006, the California Supreme Court denied review.

1  Thereafter, on June 16, 2008, petitioner filed the instant federal petition.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C.    Petitioner's Claims

As grounds for federal habeas relief, petitioner claims: (1) his commitment based on his 1979 nolo contendere plea violated his right to due process; and (2) he had a reasonable expectation that his 1979 nolo contendere plea would carry no adverse consequences and relying on it in his commitment proceeding violated his right to due process. Liberally construed, these claims state a cognizable basis for federal habeas relief.

## CONCLUSION

1.    The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.    Respondent shall file with the court and serve on petitioner, within **ninety days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state court record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

1  court and serving it on respondent within **thirty days** of his receipt of the answer.

2       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
3  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
4  2254 Cases within **ninety days** of the date of receipt of this order. If respondent files such a
5  motion, petitioner shall file with the court and serve on respondent an opposition or statement of
6  non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the
7  court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

8       4.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
9  all communications with the court must be served on respondent by mailing a true copy of the
10 document to respondent's counsel. Petitioner must keep the court and all parties informed of any
11 change of address by filing a separate paper captioned "Notice of Change of Address." He must
12 comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
13 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14     IT IS SO ORDERED.
15 DATED: __7/22/08__

*Ronald M. Whyte*
RONALD M. WHYTE
16                                United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\Rotroff971svposc.wpd    3