*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF,<br><br>        Petitioner,<br><br> vs.<br><br>STEPHEN MAYBERG,<br><br>        Respondent. | No. C 08-2971 RMW (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY |

Petitioner, a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the constitutionality of his confinement pursuant to a civil commitment petition filed in state court in 2004. The court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition and petitioner filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and denies the petition.

## BACKGROUND

On October 20, 2004, the District Attorney of the County of Santa Clara filed a civil commitment petition to civilly commit petitioner for two years pursuant to the SVPA. (Resp. Ex. 10, (People v. Rotroff, California Court of Appeal, Sixth Appellate District, Case No.

H028311, March 9, 2006) at 2.) The petition included a declaration that petitioner had a 1978 conviction for lewd and lascivious act upon a child under 14, in violation of California Penal Code § 288, and a 1980 conviction for forcible rape, in violation of former California Penal Code § 261.3. (Id.) A trial was held on the 2004 commitment petition and the court found the petition to be true. (Id.) The trial court ordered petitioner committed to the State Department of Mental Health for two years. (Id. at 2-3.) The California Court of Appeal affirmed the trial court's commitment decision, and on May 17, 2006, the California Supreme Court denied review. Thereafter, on June 16, 2008, petitioner filed the instant federal petition.

## DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of

§ 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340.  The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000).  Here, that decision is the opinion of the California Court of Appeal.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, petitioner claims: (1) the use of his 1979 nolo contendere plea as a basis for his civil commitment breached his 1979 plea agreement; and (2) he had a reasonable expectation that his 1979 nolo contendere plea would carry no adverse consequences and thus, his 2004 commitment based on his 1979 nolo contendere plea violated his right to due process.  The court addresses petitioner's claims in turn.

       1.     Breach of Plea Agreement

Petitioner claims that when he entered his nolo contendere plea to forcible rape, the meaning of "nolo contendere" was used in "the true literal sense, and true literal definition"

1  which was "independent of the former [Penal Code] § 1016(3)."[1]  (Petition at 8-9.)  Petitioner
2  further claims that his plea agreement also provided the opportunity to take a second polygraph
3  examination which would be considered by the trial court for sentencing.  (Id. at 1.)  Petitioner
4  argues that trial counsel promised him that if he passed the polygraph test regarding the use of
5  force or threats, counsel "was sure" the trial court would either dismiss that count or consider
6  that conviction as a "wobbler."  (Id. at 2.)  Petitioner asserts that the use of his nolo contendere
7  conviction breached his plea agreement because (1) the state used the plea as an admission of
8  guilt in his 2004 SVP commitment proceeding and (2) his polygraph examination did not cause
9  the trial court to dismiss the count or sentence it as a wobbler.  (Id. at 9-11.)  Respondent submits
10 that petitioner's claim is (1) not exhausted and (2) barred by Lackawanna County Dist. Attorney
11 v. Coss, 532 U.S. 394 (2001).

12      Petitioner counters that his claim is indeed exhausted, and attached a copy of his state
13 habeas petition to the California Supreme Court.  (Traverse, Ex. A.)  Further, petitioner avers
14 that the California Supreme Court denied the petition without comment on April 15, 2008.
15 (Traverse, p. 1.)  After reviewing court documents and petitioner's exhibit, this court concludes
16 that the underlying claim is indeed exhausted.

---

[1] Prior to 1982, § 1016(3) stated, "The legal effect of [a nolo contendere] plea shall be the same as that of a plea of guilty, but the plea and any admission required by the court during any inquiry it makes as to the voluntariness of and factual basis for the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."

A review of the underlying state proceedings reveals no suggestion that petitioner entered his nolo contendere plea with an understanding different from the statutory definition.  In his direct appeal, the Court of Appeal stated, "After a correct explanation of the nature and effect of a nolo contendere plea for the defendant by the court, both the defendant and his counsel stated to the court that a reason for defendant's no contest plea was that no effective defense could be made to the respective charges."  People v. Rotroff, 138 Cal.App.3d 796, 800 (1983).  Further, in his demurrer before the court in petitioner's 2004 commitment proceedings, counsel for petitioner argued, "In this case the expectation when a [sic] individual pleads no contest prior to 1982 is that that conviction will only be used for that proceeding, that criminal proceeding for no other civil action -- excuse me, civil suit . . . ."  (Resp. Ex. 3, p. 4.)  The court finds no indication in the record or otherwise that petitioner believed his nolo contendere plea was defined in a manner differently from that described by section 1016, former subdivision (3).

Respondent also asserts that this claim is barred by <u>Lackawanna</u>.  In <u>Lackawanna</u>, the United States Supreme Court held as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

<u>Id.</u> at 403-404 (internal citation omitted).  However, petitioner is not challenging the validity of his prior conviction.  Petitioner's claim is that the prosecutor breached the plea agreement by using his nolo contendere plea as an admission of guilt in the SVP proceeding.[2]

When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.  <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971).  Due process concerns of fundamental fairness require that a prosecutor keep the promises upon which a defendant relies in entering into a plea agreement.  Claims of a breached plea agreement are analyzed according to contract law standards of interpretation, such that a court looks to what was reasonably understood by the parties to be the terms of the agreement and whether or not those terms were fulfilled.  <u>See</u> <u>United States v. Kamer</u>, 781 F.2d 1380, 1387 (9th Cir.1986).

Petitioner has not produced any transcript of the plea colloquy nor a copy of the plea agreement and respondent avers that its file as well as the California Court of Appeal file regarding petitioner's 1979 no contest plea have been destroyed.  Nonetheless, the court rejects petitioner's assertion.

The SVPA does not make any distinction between convictions arising from pleas of nolo

---

[2] Petitioner also claims that he believed the results of the polygraph examination would cause the trial court to dismiss a count or sentence the count as a wobbler.  However, as noted in petitioner's direct appeal, petitioner stated to the court that he was promised that he would be given the opportunity to take a polygraph examination and the results would be *considered* at sentencing.  <u>Rotroff</u>, 138 Cal.App.3d at 800.  Moreover, even assuming petitioner's understanding of the effect of the polygraph examination was correct, the trial court was not a party to the plea agreement and, therefore, was not bound by any such promise.

contendere and those following guilty pleas or trials.  A "sexually violent predator" is defined as "a person who has been convicted of a sexually violent offense . . . ."  Cal. Welf. & Inst. § 6600(a)(1).  Former section 1016, subdivision (3) prohibited a nolo contendere *plea* and any *admission* from being used against a defendant as an admission in a subsequent civil suit.  A person who enters a plea of nolo contendere stands convicted of his crime, just as a person who enters a plea of guilt, irrespective of pleas and admissions, or is found guilty by a jury.  Former section 1016, subdivision (3), does not purport to prohibit the use of any *conviction* obtained for any future proceeding such as an SVP proceeding -- it only prohibits the use of the nolo contendere plea or admission.  Cf. People v. Yartz, 37 Cal.4th 529, 537 n.5 (2005) (declining to answer the question of whether a nolo contendere plea should be treated the same as a conviction for purposes of former section 1016 subdivision (3)).  Petitioner's assertion, therefore, that the prosecutor breached his promise that petitioner's nolo contendere plea could not be used as an admission is unavailing.  Even assuming that the prosecutor made such a promise, because the SVP proceeding relied only on the fact of conviction rather than any admission of guilt, no promise was breached.

Accordingly, petitioner is not entitled to federal habeas relief on this claim.

2.     Retroactivity / Due Process

Petitioner asserts that before its 1982 amendment,[3] California Penal Code § 1016(3) prohibited the use of nolo contendere pleas against defendants in any civil suit.  Petitioner states that he had a reasonable expectation based on a broad interpretation of Cartwright v. Board of Chiropractic Examiners, 16 Cal.3d 762 (1976), that his nolo contendere plea would not be used against him in any civil proceeding, including his SVP commitment proceeding, and the subsequent use of the plea as a predicate offense in his 2004 commitment proceeding was

---

[3] In 1982, § 1016(3) was amended to include the following, "The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty *for all purposes.  In cases other than those punishable as felonies,* the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Italics added.)

retroactive and violated his right to due process. Petitioner acknowledges that Yartz held that a conviction on a pre-1982 nolo contendere plea can properly be used as a predicate offense in an SVP proceeding, however, petitioner alleges that Yartz violated his reasonable expectation. Respondent counters that this claim is a matter of state law interpretation and is not cognizable on federal habeas relief.

This court disagrees with respondent that petitioner's claim is merely one of state law. The United States Constitution prohibits the federal government and the states from passing any "ex post facto Law." U.S. Const., Art. I, § 9, cl. 3. Even though the Ex Post Facto Clause applies only to the legislative branch of government, there is a due process counterpart which prevents retroactive enlargement of the reach of criminal statutes by judicial interpretation. Rogers v. Tennessee, 532 U.S. 451, 455-56 (2001). "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, the construction must not be given retroactive effect." Rogers, 532 U.S. at 457 (internal quotation marks and brackets omitted). Due process protects against judicial infringement of the right to fair warning that certain conduct will give rise to criminal penalties. Webster v. Woodford, 369 F.3d 1062, 1069 (9th Cir. 2004) (discussing Bouie v. City of Columbia, 378 U.S. 347 (1964)); see Rogers, 532 U.S. at 457-60 (guiding principle under Bouie is that a state law must give fair warning of the conduct that it makes a crime); Clark v. Brown, 450 F.3d 898, 911(9th Cir. 2006) (under Bouie, unforeseeable judicial enlargement of criminal statute violates due process right to fair warning). Bouie is not violated unless judicial construction of a criminal statute represents a "radical and unforeseen" departure from former law. Webster, 369 F.3d at 1069.

The California Court of Appeal rejected petitioner's claim. Relying on Yartz, the court concluded that Cartwright did not create a "justifiable future expectation, protected by due process, that a no contest plea would not be used in a civil sexual psychopathy proceeding such as an SVP proceeding." (Resp. Ex. 10, p. 5.)

In Cartwright, the court determined that the reasonable expectations of people examining case law at that time were that a nolo contendere conviction could not be a "ground for discipline

or other adverse consequences authorized by a state for convictions generally." Cartwright, 16 Cal. 3d at 773. The "settled nature of the California rule against collateral use of convictions based on nolo contendere pleas is an important reason for permitting the rule to remain in effect unless and until changed by legislation. Those who have entered nolo contendere pleas in the past instead of standing trial were entitled to rely upon the limitations announced by California decisions on subsequent uses of their pleas and of the ensuing convictions." Id. In that case, Cartwright pled no contest to a misdemeanor and subsequently, the state Board of Chiropractic Examiners revoked his license to practice because the crime was one of "moral turpitude" pursuant to the Chiropractic Act. Id. at 764-65.

In Yartz, the California Supreme looked at the statutory language at issue -- section 1016, former subdivision (3) -- its legislative history, and judicial construction of the statute, which is the proper Bouie analysis for determining whether judicial construction of a statute was unforeseen. Yartz, 37 Cal.4th at 537-540; see Webster, 369 F.3d at 1069-70. The court reasoned that SVP proceedings are not included in the definition of "civil suit" as used in section 1016, former subdivision (3); rather, SVP proceedings are considered a "special proceeding of a civil nature," but not a "civil suit" for purposes of section 1016, former subdivision (3). Yartz, 37 Cal.4th at 536-540. Therefore, Yartz concluded, "Penal Code section 1016, former subdivision (3) [did] not preclude the use of defendant's [pre-1982] conviction based on his nolo contendere plea."

As a preliminary matter, this court concludes that Yartz merely clarified the definition of "civil suit" as used in section 1016, former subdivision (3), rather than changed the law. In such a case, retroactivity is not even at issue and petitioner is not entitled to relief. See Fiore v. White, 531 U.S. 225, 226 (2001) (per curiam); see also Bunkley v. Florida, 538 U.S. 835, 839-40 (2003) (per curiam) (per Fiore, remanding for Florida Supreme Court to clarify whether its interpretation of the statute applied at the time the defendant was convicted).

Moreover, the California Court of Appeal relied upon the reasoning in Yartz, which properly applied the Bouie test although it did not mention Bouie by name. The appellate court further noted that "neither Cartwright nor the cases it relied on involved a sexual psychopathy-

Order Denying Petition for Writ of Habeas Corpus; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.08\Rotroff971svpden.wpd       8

type proceeding, which we had already concluded was a special proceeding of a civil nature." (Resp. Ex. 10, p. 4.)  See Gross v. Superior Court of Los Angeles County, 42 Cal.2d 816, 820 (1954) ("Sexual psychopathy proceedings are special proceedings of a civil nature . . ."). The appellate court thus concluded that petitioner's assertion that he relied upon Cartwright in reasonably expecting that his nolo contendere plea could not be used in an SVP proceeding was without merit.

Accordingly, the state court's decision rejecting this claim was neither contrary to nor an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence presented.  See 28 U.S.C. § 2254(d).

## CONCLUSION

For the reasons set forth above, the court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state proceedings. Accordingly, the petition for writ of habeas corpus is DENIED.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. Because reasonable jurists could disagree with this court's conclusion that the use of petitioner's 1979 nolo contendere plea as a basis for his civil commitment did not breach his 1979 plea agreement, a request for a COA on this claim is GRANTED. However, a COA is not warranted on petitioner's other claim because, for the reasons explained above, jurists of reason could not find the denial debatable.

The Clerk of the Court shall close and transmit the file, including a copy of this order, to the Ninth Circuit.  See Fed. R. App. P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

DATED:  7/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.08\Rotroff971svpden.wpd       9